**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4739**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIE ALLEN, II,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00021-RJC-DCK-1)

_____

Submitted:  January 25, 2024                    Decided:  February 6, 2024

_____

Before GREGORY and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** John G. Baker, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Allen, II, pleaded guilty, without a written plea agreement, to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Allen to 54 months' imprisonment. On appeal, Allen argues that his sentence is procedurally unreasonable because the court failed to address his mitigating arguments at sentencing. We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "A sentence is procedurally unreasonable if the district court commits a significant procedural error, such as[] . . . failing to explain the sentence adequately[] . . . [or] failing to address the defendant's nonfrivolous arguments." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (internal quotation marks omitted). When explaining the sentence, the "district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (cleaned up). However, when the court has fully addressed the defendant's "central thesis" at sentencing, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020).

2

Allen first asserts that the district court failed to adequately consider his mitigating argument that he is a devoted father who made a terrible mistake by possessing firearms and storing them recklessly in his home. We disagree. Allen's felon-in-possession conviction stemmed from the accidental shooting of Allen's three-year-old child by another of his children with a firearm that Allen kept in his residence. At sentencing, the district court recognized that Allen already had endured significant punishment because of the injury to his child and his sense of responsibility for his child's injury. The court thus implicitly acknowledged Allen's argument that he was a devoted father who was devastated by the incident and therefore should receive a lower sentence. But the court found that Allen's criminal history and his offense conduct outweighed this mitigating circumstance, given that Allen's own actions created the risk and danger that resulted in the injury to his child.

Next, Allen argues that the district court failed to address his argument that he had maintained gainful employment since his release from prison on his prior felony conviction. It is true that an argument related to a defendant's history of gainful employment is nonfrivolous. *See United States v. Ross*, 912 F.3d 740, 744-45 (4th Cir. 2019). Here, however, based on our review of the sentencing transcript, we conclude that Allen's employment history was not the "central thesis" of his sentencing argument but that it was merely a "data point marshalled on . . . behalf" of his central thesis: that Allen was a devoted father. *See Nance*, 957 F.3d at 214. Thus, the district court did not err by failing to separately address the issue of Allen's employment history.

3

Lastly, Allen contends that the district court failed to address his mitigation argument that his criminal history was based, in part, on an offense he committed in 2006, when he was 18 years old. During his sentencing argument, counsel commented that Allen's case was "incredibly difficult," explaining that, "[o]n the one hand, Mr. Allen ha[d] a very, very serious prior [offense]. On the other hand, it happened a long time ago and he was 18 years old at that time." (J.A. 33).* Counsel then discussed Allen's devotion to his children, the circumstances surrounding Allen's possession of the four firearms discovered in the residence, and Allen's pain that his child had been injured. But counsel did not again mention the remoteness of Allen's prior offense or Allen's age when he committed it, and the court did not specifically address the argument.

Even assuming that the district court's failure to address this mitigation argument amounted to procedural error, we conclude that any error is harmless. An insufficient explanation for a chosen sentence can be harmless where the Government "demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (cleaned up). Here, the Government has met its burden.

The district court stated that it had listened to counsel's arguments, Allen's allocution, and the character testimony offered on Allen's behalf, and recognized that he

---

* "J.A." refers to the joint appendix filed by the parties in this appeal.

4

made several arguments in favor of a lower sentence. But the court found troubling Allen's prior violent felony conviction and the nature and circumstances of the instant offense, including the number of weapons and the "staggering amount" of ammunition he possessed in his residence (J.A. 46), the nature of Allen's acquisition of the firearms through another individual, the location and accessibility of the loaded firearms in his bedroom, and the risk and danger he brought home to his children that resulted in a serious injury to his child. The court concluded, after considering both the nature and circumstances of the offense and Allen's history and characteristics, that a substantial sentence was warranted because Allen had a serious prior conviction for assault with a deadly weapon with intent to kill, had committed another criminal offense while on parole, and knowingly possessed multiple loaded weapons and "dozens of rounds of ammunition in the context of tragic injury to a child." (J.A. 48). Based on our review of the record, we can say with "fair assurance" that the district court's explicit consideration of the remoteness of Allen's prior felony conviction would not have affected the sentence it imposed. *See Boulware*, 604 F.3d at 838.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*